UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-484-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ENVIROTECH CONSTRUCTION CORP., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action arises out of the construction of an establishment in Versailles, Kentucky, known as More Than A Bakery. [Record No. 1, ¶ 5] Plaintiff Gray Construction ("Gray"), the general contractor for the project, entered into a subcontract with Defendant Envirotech Construction Corp. ("Envirotech") to provide all labor and materials necessary for the installation of insulated metal panels at More Than A Bakery. [*Id.* ¶ 10] However, the parties subsequently had a falling out, resulting in Gray's termination of the subcontract and Envirotech's abandonment of the project. [*See id.* ¶¶ 11-35.] Gray claimed that Envirotech was in default under the terms of the subcontract and withheld payment. [*See id.* ¶¶ 30, 31, 49, 55.] The plaintiff then incurred additional expense to complete the work after Envirotech's involvement in the project ceased. [*Id.* ¶¶ 37, 38]

Envirotech contends that it is still owed $682,949.99, for the work that it performed, and recorded a lien against More Than A Bakery for that amount. [*See id.* ¶¶ 53-54, 58, and Exhibit H.] Gray, as principal, and Travelers Casualty and Surety Company of America

("Travelers"), as surety, executed and recorded a bond to release the lien under Kentucky Revised Statute ("KRS") 376.100. [Record No. 23-3]

Gray filed this action on December 7, 2017, alleging that Envirotech breached the parties' contract and violated a state statute by filing an illegal lien against More Than A Bakery. [Record No. 1, ¶¶ 40-61] Gray also seeks a declaratory judgment holding that it is not required to pay Envirotech $682,949.99 but, instead, is entitled to payment from Envirotech. [*Id.* ¶¶ 62-66] Envirotech answered and filed a counter-claim on January 26, 2018, alleging breach of contract against Gray. [Record No. 12, ¶¶ 32-39]

Envirotech now seeks leave to file a third-party complaint against Travelers and More Than A Bakery, LLC, under Rule 14(a)(1) of the Federal Rules of Civil Procedure. [Record No. 23] The third-party complaint seeks foreclosure of Envirotech's lien and payment from Gray and Travelers under their bond, and claims that More Than A Bakery, LLC, was unjustly enriched by the labor and materials that Envirotech furnished but for which it was not paid. [Record No. 23-1]

Federal Rule of Civil Procedure 14(a)(1) allows a defendant to serve a third-party complaint on a non-party "who is or may be liable to it for all or part of the claim against it." "Underlying Rule 14 is a desire to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." *Am. Zurch Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (quotations and citations omitted). The Sixth Circuit has explained that:

> [t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-

> party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim.

*Am. Zurch Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). A third-party complaint cannot "be founded on a defendant's independent cause of action against a third-party defendant," but "must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Id.* In short, a third-party complaint must be "in the nature of an indemnity or contribution claim." *Id.*; *see also Baker v. Pierce*, No. 85-5700, 1987 WL 36585, at *2 n.2 (6th Cir. Jan. 27, 1987) ("Under Fed. R. Civ. P. 14(a), a third party complaint is permitted only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him.").

The Complaint against Envirotech asserts that it was not entitled to payment after it defaulted on the parties' contract, and that it is responsible for the additional cost that Gray incurred to complete the work. Envirotech's third-party complaint does not seek to "transfer the liability" for those claims to Travelers or More Than A Bakery, LLC. *Am. Zurch Ins. Co.*, 512 F.3d at 805. Instead, Envirotech seeks affirmative payment of $682,949.99, by way of the independent cause of action of unjust enrichment against More Than A Bakery, LLC, and foreclosure of its lien against Travelers. Such claims, "even though arising out of the same occurrence underlying plaintiff's claim," are not properly asserted in a third-party complaint under Federal Rule of Civil Procedure 14(a). *Id.*

Accordingly, it is hereby

**ORDERED** that Defendant Envirotech Construction Corp.'s motion for leave to file a third-party complaint [Record No. 23] is **DENIED**.

This 19th day of April, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge