UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GRAY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-484-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ENVIROTECH CONSTRUCTION | ) | **MEMORANDUM OPINION** |
| CORP., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Envirotech Construction Corp.'s ("Envirotech") motion for leave to file an Amended Counterclaim. [Record No. 29] The motion will be granted, in part, and denied, in part, for the reasons that follow.

**I.**

This action arises out of the construction of a bakery and office area in Versailles, Kentucky, owned by More Than A Bakery, LLC ("MTAB"). [Record No. 1, ¶ 5] Plaintiff Gray Construction, Inc. ("Gray"), the general contractor for the project, entered into a subcontract with Envirotech to "provide all necessary supervision, labor, [and] materials . . . to complete the Insulated Metal Panels" at MTAB. [*Id.* ¶ 10] However, prior to the completion of the contract, the parties had a falling out, resulting in Gray's termination of the subcontract and Envirotech's abandonment of the project. [*See id.* ¶¶ 11-35.] Gray claimed that Envirotech was in default under the terms of the subcontract and withheld payment. [*See id.*

¶¶ 30, 31, 49, 55.] Gray incurred additional expense to complete the work on MTAB after Envirotech's involvement in the project ceased. [*Id.* ¶ 38]

Envirotech claims that it is still owed $682,949.99 for work it performed. It recorded a lien against the bakery for that amount. [*See id.* ¶¶ 53-54, 58, and Exhibit H.] Gray, as principal, and Travelers Casualty and Surety Company of America ("Travelers"), as surety, executed and recorded a bond in the amount of $1,365,899.98 (twice the amount of the lien) to release the encumbrance under Kentucky Revised Statute ("KRS") 376.100. [Record No. 23-3]

Gray filed this action on December 7, 2017, alleging that Envirotech breached the parties' contract by, among other things, failing to supply enough properly skilled workers, maintain proper safety, maintain a schedule of work, and complete the project in accordance with the parties' contract. [Record No. 1, ¶¶ 40-51] Gray further alleges that Envirotech violated a state statute by filing an illegal lien against MTAB. [Record No. 1, ¶¶ 52-61] Additionally, Gray seeks a declaratory judgment that it is not required to pay Envirotech the $682,499.99, it has demanded, but is instead entitled to payment from Envirotech for the additional expense it incurred in completing the project after Envirotech's alleged breach. [*Id.* ¶¶ 62-66] Envirotech filed an Answer and Counterclaim on January 26, 2018, alleging that Gray breached the parties' contract by, among other things, acting in bad faith, dealing unfairly, and withholding payment for Envirotech's work. [Record No. 12, pp. 15-16]

Envirotech now seeks to leave file an Amended Counterclaim under Rules 13, 15, and 20 of the Federal Rules of Civil Procedure. [Record No. 29] The proposed amendment would add a claim for foreclosure of Envirotech's lien upon bond, and would join Travelers, the

surety for the bond, as a defendant to that claim. [Record No. 29, ¶¶ 52-58] The Amended Counterclaim would also add an unjust enrichment claim, and would add MTAB, the beneficiary of the labor and materials provided by Envirotech, as a defendant to that claim. [*Id.* ¶¶ 59-63]

Gray has filed a response to the motion. [Record No. 34] It contends that MTAB paid it in full for the work performed, foreclosing any claim that it was unjustly enriched. [Record No. 34-3] As a result, Gray argues that Envirotech's proposed unjust enrichment claim against MTAB would be futile. [Record No. 34, pp. 3-5] However, Gray does not object to Envirotech's proposed lien foreclosure claim against Travelers. Envirotech has not filed a reply in further support of the motion.

## II.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should "freely give leave" to amend a pleading "when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). While the decision to grant leave to amend "is committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

"However, leave to amend may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). To

survive a 12(b)(6) motion to dismiss, a claim must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.*; *see also Twombly*, 550 U.S. at 570.

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of parties to a counterclaim. *See* Fed. R. Civ. P. 13(h). Persons may be joined as defendants to a counterclaim when: (i) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences; and (ii) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). "The U.S. Supreme Court has encouraged the joinder of claims and remedies. Consequently, much like Rule 15(a), the requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6940734, at *7 (W.D. Ky. May 25, 2017) (quotations and citations omitted).

"The determination of whether a particular factual situation constitutes a single transaction or occurrence requires a case-specific inquiry." *Id.* (quotation and citation omitted). Courts typically employ the logical-relationship test, which allows "all reasonably related claims for relief by or against different parties to be tried in a single proceeding so long as there is a substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.* (quotation and citation omitted). "Courts may consider in this regard the timing of the alleged events, the relationship of the alleged acts to one another, whether the

same individual employees/supervisors were involved or whether defendants were in the same geographical location." *Id.* (quotation and citation omitted). If this test is satisfied, Rule 20 permits joinder as long as there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2).

### III.

Envirotech's first proposed counterclaim attempts to foreclose on the $682,949.99 lien recorded against the bakery. [Record No. 29, ¶¶ 52-58] The purpose of the lien was to secure payment for labor and materials Envirotech furnished to the bakery under the terms of its subcontract with Gray. [*See* Record No. 1-8.] The lien thus arises out of the same transaction or occurrence as Gray's breach of contract, illegal lien, and declaratory judgment claims, and Envirotech's breach of contract counterclaim—the construction of the bakery and office space owned by MTAB. [Record No. 1, ¶¶ 40-66; Record No. 12, pp. 15-16] Additionally, each of these claims raise common questions of law or fact regarding the entitlement to payment and compliance with the terms of the subcontract. Finally, although Travelers did not personally participate in the construction of the bakery and office space, it may be properly joined as a defendant under Rule 20.

> An entity's liability can "arise" not only from its direct participation in activities giving rise to another's cause of action, but also from the entity's legal relationship to the alleged wrongdoer. For example, a surety, agent, alter ego, or successor may encounter liability indirectly or derivatively: it is not necessary for the surety, alter ego, or successor itself to have participated in the transaction giving rise to liability. Joinder of such parties may be appropriate if the requirements of Rule 20 are satisfied.

*Dottore v. Nat'l Staffing Servs., LLC*, 3:06-cv-1942, 2007 WL 2114668, at *5 (N.D. Ohio July 20, 2007). Accordingly, Envirotech's motion for leave to file an Amended Counterclaim for

foreclosure of its lien upon bond, and would join Travelers as a defendant to that claim, will be granted. [Record No. 29, ¶¶ 52-58]

Envirotech also seeks leave to file an unjust enrichment claim and join MTAB as a defendant to that claim. [*Id.* ¶¶ 59-63] "To recover on a claim of unjust enrichment a plaintiff is required to prove the following three elements: (1) benefit conferred upon defendant at a plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of [that] benefit without payment for its value." *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 777-78 (Ky. 2017) (quotations and citations omitted) (alterations in original). "The most significant element of proof in an action for recovery is that the enrichment to the defendant is unjust." *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1381 (W.D. Ky. 1987). "Accordingly, [a] landowner may not be held liable when he has paid any person for the improvements upon his property." *Id.*

Envirotech alleges that "[n]either Gray nor MTAB have paid Envirotech the $682,949.99 in labor and materials claimed under the Mechanic's Lien for the improvements to the Real Estate." [Record No. 29-1, ¶ 42] However, there is no allegation that direct payment from MTAB to Envirotech was required. And there is no allegation that MTAB failed to pay Gray, the general contractor, for the improvements to its property. Indeed, Envirotech does not dispute that MTAB paid Gray "all amounts due and owning . . . for work on the construction project that is the subject of the litigation." [Record No. 34-3] Because it appears that MTAB paid for the improvements to its property, and was not unjustly enriched, Envirotech's proposed counterclaim against MTAB does not withstand a 12(b)(6) motion to

dismiss. Accordingly, Envirotech's motion for leave to file an Amended Counterclaim against MTAB will be denied as futile.

IV.

For the foregoing reasons, it is hereby,

**ORDERED** that Defendant Envirotech Construction Corp.'s motion for leave to file an Amended Counterclaim [Record No. 29] is **GRANTED** in part, **DENIED**, in part. Within ten (10) days of the entry of this Order, Defendant Envirotech Construction Corp. may file an Amended Counterclaim which complies with the Court's ruling as outlined above.

This 6th day of July, 2018.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge