UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GRAY CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 17-484-DCR |
| ) | |
| V. ) | |
| ) | |
| ENVIROTECH CONSTRUCTION ) | **MEMORANDUM OPINION** |
| CORP., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Gray Construction ("Gray") filed a motion to strike the Defendant Envirotech Construction Corporation's ("Envirotech") jury demand. [Record No. 60] This requires the Court to determine whether the jury waiver provision included in the subcontract between Gray and Envirotech is enforceable. The motion to strike Envirotech's jury demand will be granted because the jury waiver provision is severable and reflects the parties' intent at the time of contract formation.

**I.**

This action arises out of the construction of a business establishment in Versailles, Kentucky, known as More Than A Bakery. [Record No. 1] Gray, the general contractor for the project, entered into a subcontract with Envirotech to provide all labor and materials necessary for the installation of insulated metal panels at the business. [Record Nos. 1; 60-1] Unfortunately, the parties had a falling out, resulting in Gray's termination of the subcontract and Envirotech's abandonment of the project. [Record No. 1] Gray alleged that Envirotech was in default under the terms of the subcontract and withheld payment. [Record No. 1] The

plaintiff then incurred additional expense to complete the work after Envirotech's involvement in the project ceased. [Record No. 1] Envirotech asserts that it is still owed money for the work that it performed, and recorded a lien against More Than A Bakery. [Record No. 1] Gray executed and recorded a bond to release the lien. [Record No. 23-3]

Gray filed this action on December 7, 2017, claiming that Envirotech breached the parties' contract and violated a state statute by filing an illegal lien against More Than A Bakery. [Record No. 1] It also seeks a declaratory judgment, holding that it is not required to pay Envirotech but, instead, is entitled to payment from Envirotech. [Record No. 1] Envirotech answered and filed a counterclaim on January 26, 2018, alleging breach of contract against Gray. [Record No. 1] Envirotech filed an amended counterclaim on July 16, 2018, and requested a trial by jury. [Record No. 39, p. 9]

Gray filed a motion to strike Envirotech's jury demand on November 5, 2018, contending that the subcontract includes a waiver of the right to a jury trial. [Record No. 60] Envirotech filed a response on November 26, 2018, asserting that it is not subject to the jury trial waiver provision because Gray had previously materially breached the subcontract. As a result, Envirotech claims that it is not required to comply with the subcontract. [Record No. 69]

The relevant parts of the subcontract state:

> 16.1 DISPUTE RESOLUTION. All claims, disputes and matters in question arising out of, or relating to, this Agreement or a breach thereof, except for claims which have been waived by the making or acceptance of final payment and the claims excluded or limited by Sections 6.2 and 6.6, shall be resolved by mediation, arbitration, and/or litigation at Gray's sole option. . .
> 16.2 DISPUTE RESOLUTION PROCEDURE. Prior to a demand for arbitration, or initiation of litigation of claims, the parties shall proceed as follows, as an express condition precedent to commencing formal claims against the other arising out of the dispute:

>(a) The party asserting a claim shall do so in writing and within the notice period, if any, established for such claims by the Subcontract Documents. In the absence of a notice period set by the Subcontract Documents, the notice of claim shall be given as soon as practicable but in no event later than five (5) calendar days after the claimant is aware of the event from which the claim arises.
>(b) The parties shall then attempt in good faith to negotiate a resolution of disputed claims during the next twenty (20) calendar days before pursuing any other means of dispute resolution.
>(c) If claims remain unresolved, the parties shall endeavor to resolve disputes by proceeding at the instance of either to non-binding mediation conducted under such rules as the parties may agree to employ. The parties shall divide the cost of the mediator evenly among them
>(d) DISPUTES RELATED TO GRAY. Notwithstanding anything stated above, if any dispute shall arise between Gray and the Subcontractor pertaining in any manner to the construction or interpretation of this Agreement, or the rights or obligations of the parties, or to the breach of this Agreement which the parties are unable to settle by mutual agreement, Gray shall have the exclusive option either to have the dispute determined by a court or by arbitration in accordance with the Arbitration Rules of the Center for Public Resources.
>. . .
>
>(h) Subcontractor agrees that matters litigated in Court shall be determined by a judge and not a jury.
>. . .
>
>17.2 SEVERABILITY AND WAIVER. The partial or complete invalidity of any one or more provisions of this Agreement shall not affect the validity or continuing force and effect of any other provision. The failure of either party hereto to insist, in any one or more instances, upon the performance of any of the terms, covenants or conditions of this Agreement, or to exercise any right herein, shall not be constituted as a waiver or relinquishment of such term, covenant, condition or right as respects further performance.

[Record No. 60-2, p. 26-28]

## II.

Despite Envirotech's allegation that Gray committed a prior material breach of the subcontract, the jury waiver provision remains valid and enforceable. The explicit provisions of the contract and general principles of contract interpretation lead to this conclusion.

"It is well settled that the interpretation of contracts is an issue of law for the court to decide." *Equitania Ins. Co. v. Slone & Garrett, P.S.C.*, 191 S.W.3d 552, 556 (Ky. 2006). The court should protect parties' freedom to contract and attempt to "effectuate the intentions of the parties" when interpreting contracts. *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 381 (Ky. 2002). And in carrying out this duty, it must decide if any portions of a contract are ambiguous. *Frear v. P.T.A. Indus., Inc.,* 103 S.W.3d 99, 105-06 (Ky. 2003). "A written instrument will be enforced strictly according to its terms" if the terms are not ambiguous. *Id*. at 106. But if the contract is ambiguous, the Court will try to determine the parties' intent by considering "the subject matter of the contract, the situation of the parties and the conditions under which the contract was written." *Id*.

Envirotech claims that it is not subject to the jury trial waiver provision because Gray waived its right to enforce clauses in the subcontract by previously ignoring conditions of the subcontract. [Record No. 69, p. 1] Specifically, it contends that Gray failed to follow the dispute resolution procedures set forth in the subcontract in Section 16.2. [Record No. 69, p. 2] It explained that Gray did not follow "specific, chronological conditions precedent" before initiating litigation because Gray did not attempt to negotiate a resolution of its claims at least 20 days prior to filing a lawsuit or mediate the dispute. [Record No. 69, p. 1-2] Envirotech asserts that Gray's failure to comply with the provisions of the subcontract absolves it of its requirement to comply with the jury waiver provision. Envirotech argues that equity demands that the jury waiver provision is deemed invalid.

Gray argues that the defendant is subject to the jury trial waiver provision because the subcontract clearly states that the "subcontractor agrees that matters litigated in Court shall be determined by a judge and not a jury." [Record No. 60-2, p. 27] It asserts in its reply that the

-4-

jury trial waiver is valid and enforceable because the provision stands apart from the other provisions of the subcontract and that Gray has fully complied with the subcontract's dispute resolution procedures. [Record No. 73, p. 2-6] Further, Gray references the subcontract's severability clause in support of its argument that waiver of the right to a jury trial remains in effect.

The Court in *Mercury Development, LLC v. Motel Sleepers, Inc.* answered the question of whether the defendant's failure to complete a condition precedent to performance (i.e., obtain bank financing) invalidated another provision of the contract regarding attorney's fees. *Mercury Dev. LLC, v. Motel Sleepers, Inc.*, Civil No. 11-147-GFVT, 2013 U.S. Dist. LEXIS 137370 *1, *17 (E.D. Ky. 2013). The contract in *Mercury Development* did not include a severability clause. *Id.* The Court concluded, however, that even though a condition precedent for bank financing was not met, the remainder of the agreement (including the clause for attorney's fees) remained enforceable. *Id.* at *24. The Court reasoned that (i) the failure of a condition precedent does not invalidate the other portions of a contract, (ii) contract interpretation generally favors enforcement of the parts of the contract wherever possible, (iii) the primary focus in interpreting contracts should be to give effect to the parties' intent and purpose, (iv) and the express language clearly included a provision for attorney's fees. *Id.* at *17-23.

Here, the express language of the contract includes both the jury waiver provision and a severability clause. "If the contract is so clear and free from ambiguity as to be self-interpretative, no construction is necessary but it should stand as it is written and should be enforced according to its express terms . . . ." *Veech v. Deposit Bank of Shelbyville*, 128 S.W.2d 907, 911 (Ky. 1939). The jury waiver provision clearly states that "the subcontractor agrees

that matters litigated in Court shall be determined by a judge and not a jury." [Record No. 60-2, p. 27] Further, the parties explicitly included a severability clause, which notes that "[t]he partial or complete invalidity of any one or more provisions of this Agreement shall not affect the validity or continuing force and effect of any other provision." [Record No. 60-2, p. 28] Thus, the parties clearly and explicitly included a provision waiving the right to a jury in litigation.

And even if Gray did not complete the condition precedent to commencing formal claims, that action would does not invalidate the jury trial waiver provision.[1] *See Lewis by Lewis v. W. Am. Ins. Co.*, 927 S.W.2d 829, 836 (Ky. 1996); *Farmers' Bank of White Plains v. Bass*, 292 S.W. 489, 490 (Ky. 1927) (noting that when some provisions of a contract are invalid does not automatically invalidate all the others). The condition precedent included in the dispute resolution section is contained in a separate section from the jury trial waiver provision. And there is no indication that the jury trial waiver was not entered into knowingly and voluntarily. [Record Nos. 69, p. 4; 73, p. 1-2]; *see K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755-56 (6th Cir. 1985) (concluding that parties may knowingly and voluntarily waive their right to a jury trial by prior written agreement). Therefore, the fact that Gray potentially should have followed a different procedure before initiating litigation does not alter the validity and enforceability of the jury trial waiver provision.

Similarly, the rules of contract interpretation also favor enforcement of the jury trial waiver provision. *See Mercury Dev., LLC,* 2013 U.S. Dist. LEXIS 137370 at *18 (citing *Bennett v. Dudley*, 391 S.W.2d 375, 376 (Ky. 1965)). "When an agreement is susceptible of

---

[1] The Court declines at this time to decide whether Gray failed to complete the condition precedent.

two constructions, one of which would render it enforceable and the other unenforceable, the former construction will prevail." *Coles v. Morrison*, 261 S.W. 600, 601 (Ky. 1924); *see also FS Ivs. Inc. v. Asset Guar. Ins. Co.*, 196 F. Supp. 2d 491, 497-98 (E.D. Ky. 2002) ("An interpretation that gives the terms of the contract a reasonable, lawful and effective meaning is preferred over that which leaves the part of the contract unreasonable or of no effect"). The Court should give effect to the purpose and intent of the parties in making the contract. *Hawkins & Chamberlain v. Mathews*, 47 S.W.2d 547, 548 (Ky. 1932); *see also Mercury Dev., LLC*, 2013 U.S. Dist. 137370 at *10 (citations and quotations omitted) ("The primary goal of the court should be to effectuate the intentions of the parties.").

> A fundamental rule in the construction of contracts is to determine the intention of the parties from the contract as a whole to give it such an interpretation as will carry out that intent, and in doing, the court may consider the subject matter of the contract, the object to be accomplished, the situation of the parties, and the surrounding conditions and circumstances.

*Meacham v. Louisville & N.R. Co.*, 293 Ky. 642, 645 (Ky. 1943). *But see Equitania Ins. Co.*, 191 S.W.3d at 556 ("The intention of the parties to a written instrument must be gathered from the four corners of that instrument.").

Another "general rule in interpreting contracts that turns on the question of severability is to hold the contract 'severable in order that the intention of the parties might be carried out as far as possible,' except 'where the plain language of the contract indicates otherwise.'" *Mercury Dev.*, 2013 U.S. Dist. LEXIS 137370 at *18 (quoting *Byers v. Fuller*, 58 F. Supp. 570, 572 (E.D. Ky. 1945)). In this case, sophisticated parties agreed at the time of contract formation that this case would be tried by a judge, not a jury. Invalidating the waiver provision now would not give effect to the parties' original intention and purpose of the waiver provision.

**III.**

For the reasons outlined above, it is hereby

**ORDERED** that Plaintiff Gray's motion to strike the jury demand [Record No. 60] is **GRANTED.** The jury waiver provision included in Section 16.2(h) is valid and enforceable.

Dated: December 21, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge